Lisa **BACKES**; Robert Morse; Barbara Stewart, Plaintiffs—Appellants,

v.

**HARRAH'S ENTERTAINMENT, CORP. INC.**, Defendant—Appellee.

No. 03–16673.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided March 14, 2005.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiffs–Appellants.

Susan Heaney Hilden, Esq., Patrick Hicks, Esq., Littler Mendelson, P.C., Reno, NV, for Defendant–Appellee.

Before: D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM *

Appellants—blackjack dealers on the graveyard shift at appellee's casino—challenge the district court's grant of summary judgment for the casino on their claim of wrongful discharge. They contend they were fired after complaining to the state labor commissioner about a change in the casino's tip distribution policy, which they allege violated Nevada law. *See* NRS 608.160(a) (forbidding any person from taking "all or part of any tips or gratuities bestowed upon his employees").

Although appellants are at-will employees, they argue that their case falls under a Nevada exception that permits at-will employees to bring an action for wrongful discharge in violation of public policy. *See Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984) (employees fired after filing worker compensation claims); *Western States v. Jones*, 107 Nev. 704, 819 P.2d 206 (1987) (employee dismissed for refusing to work under unreasonably dangerous conditions).

We do not need to reach this issue, however. We conclude that even if such a cause of action were cognizable under Nevada law, appellants have failed to demonstrate that there is a disputed issue of fact as to the casino's motivation in firing them.[1]

Under Nevada law, to sustain a tortious discharge claim, appellants must demonstrate that the *sole* reason for their discharge was complaining to the labor commissioner about the casino's alleged violation of the Nevada law. *Allum v. Valley Bank of Nevada*, 114 Nev. 1313, 970 P.2d 1062, 1066 (1998) ("We hold that recovery for retaliatory discharge under state law may not be had upon a 'mixed motives' theory; thus, a plaintiff must demonstrate that his protected conduct was *the* proximate cause of his discharge."). The casino asserts that it fired appellants not because they complained to the labor commissioner but because they failed to comply with the new policy. The employees acknowledged they did not turn in all of their tips as required by the new tip policy. Instead, each night they took home some amount as "toke commit-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although we do not decide whether Nevada law allows for such a cause of action, we do not endorse the district court's conclusion that the Nevada tip-pooling statute's omission

of a private right of action precludes a cause of action under the public policy tort. *See Western States*, 819 P.2d at 218 ("It is in precisely such cases, *i.e.*, where no comprehensive statutory remedy exists, that courts have been willing to create public policy tort liability.").

**4**

tee pay," even though the graveyard shift bylaws did not provide for such pay, and the employees had not collected toke committee pay before.

We conclude that appellants have failed to raise a triable issue of fact as to whether the casino's sole motivation in firing them was retaliatory, given that the casino has provided a valid, nonretaliatory reason for terminating the dealers. We, therefore, affirm the decision of the district court on that basis.

AFFIRMED.